IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>      Defendants. | Case No. 2:15-cv-05853 |

## UNITED STATES' ANSWER AND COUNTER-CLAIM

The United States of America, through its undersigned counsel, submits the following answer to the allegations in the plaintiff's complaint.

1. The United States admits the averments contained in ¶ 1.

2. The United States denies that the Department of Treasury and Internal Revenue Service are proper defendants and admits the remaining averments contained in ¶ 2.

3. The United States denies the averments contained in ¶ 3, but admits that this Court has jurisdiction over this action under 28 U.S.C. § 1355.

4. The United States admits the averments contained in ¶ 4.

5. The United States lacks information sufficient to admit or deny the averments contained in ¶ 5.

6. The United States lacks information sufficient to admit or deny the averments contained in ¶ 6.

7. The United States lacks information sufficient to admit or deny the averments contained in ¶ 7.

8. The United States lacks information sufficient to admit or deny the averments contained in ¶ 8.

9. The United States admits that plaintiff opened a Swiss bank account and lacks information sufficient to admit or deny the remaining averments contained in ¶ 9.

10. The United States admits the Swiss bank account that the plaintiff opened was in his own name and lacks information sufficient to admit or deny the remaining averments contained in ¶ 10.

11. The United States lacks information sufficient to admit or deny the averments contained in ¶ 11.

12. The United States lacks information sufficient to admit or deny the averments contained in ¶ 12.

13. The United States lacks information sufficient to admit or deny the remaining averments contained in ¶ 13.

14. The United States lacks information sufficient to admit or deny the averments contained in ¶ 14.

15. The United States lacks information sufficient to admit or deny the averments contained in ¶ 15.

16. The United States lacks information sufficient to admit or deny the averments contained in ¶ 16.

17. The United States lacks information sufficient to admit or deny the averments contained in ¶ 17.

18. The United States lacks information sufficient to admit or deny the averments contained in ¶ 18.

19. The United States lacks information sufficient to admit or deny the averments contained in ¶ 19.

20. The United States lacks information sufficient to admit or deny the averments contained in ¶ 20.

21. The United States admits that the plaintiff applied for acceptance into the Offshore Voluntary Disclosure Program, that the Internal Revenue Service audited the plaintiff's 2007 and 2008 income tax returns, that the plaintiff met with a revenue agent and supervisor, and that the plaintiff agreed to extensions requested with respect to the FBAR penalty. The United States denies that the plaintiff could have opted out of the Offshore Voluntary Disclosure Program, because his application for the program was rejected, and thus, he was never in the program. The United States lacks information sufficient to admit or deny the remaining averments contained in ¶ 21.

22. The United States admits that the Internal Revenue Service sent a letter dated July 18, 2013 proposing assessment of a penalty under 31 U.S.C. § 5321(a)(5) but denies that the penalty was assessed on that date.

23. The United States denies the averments contained in ¶ 23.

24. The United States denies the averments contained in ¶ 24.

25. The United States denies the averments contained in ¶ 25.

26. The United States denies the averments contained in ¶ 26.

27. The United States denies the averments contained in ¶ 27.

28. The United States admits the averments contained in ¶ 28.

29. The United States admits the averments contained in ¶ 29.

30. The United States admits the averments contained in ¶ 30.

31. The United States admits the averments contained in ¶ 31.

32. The United States admits the averments contained in ¶ 32, except for the payment date and asserts that the plaintiff made the payment referenced in ¶ 32 on September 3, 2015.

33. The United States incorporates its responses to paragraphs 1 through 32.

34. The United States admits that the plaintiff made a partial payment of the penalty assessed against him under 31 U.S.C. § 5321, and denies the remaining averments contained in ¶ 34.

35. The United States lacks information sufficient to admit or deny the averments contained in the first sentence of ¶ 35. The United States denies the averments contained in the second sentence of ¶ 35.

36. The United States denies the averments contained in ¶ 36.

37. The United States denies the averments contained in ¶ 37.

38. The United States admits that ¶ 38 is a statement of the relief that the plaintiff seeks through this civil action and denies the remaining averments contained in ¶ 38.

## COUNTER-CLAIM AGAINST THE PLAINTIFF

The United States of America, through its undersigned counsel, at the request and with the authorization of a delegate of the Secretary of the Treasury in accordance with 31 U.S.C. § 3711(g)(4)(C), and at the direction of the Attorney General of the United States, brings the following counter-claim against Arthur Bedrosian ("plaintiff"):

1. Jurisdiction over this counter-claim is conferred upon this Court by 28 U.S.C. §§ 1331 and 1345. This counter-claim is procedurally proper under Fed. R. Civ. P. 13.

2. Section 5314 of Title 31 of the U.S Code and the implementing regulations promulgated thereunder require a person to keep records and file reports when that person

4

maintains a relation with a foreign financial agency.  For the year at issue, 2007, such reports must be filed with the Internal Revenue Service on Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR").  The FBAR must be filed on or before June 30 of the year following the calendar year for which the report is made.  31 C.F.R. § 1010.306(c).

3. Section 5321(a)(5) provides for the imposition of civil penalties against an individual who fails to comply with the reporting requirements of Section 5314.

4. The plaintiff owned two bank accounts at UBS AG in Switzerland, with account numbers XXXXXX5316 and XXXXXXXX6701 during calendar year 2007.

5. The plaintiff instructed UBS AG to hold all correspondence for the account ending 6701 instead of sending it to him and UBS AG charged an extra fee for that service.

6. During 2007, the aggregate amounts in both accounts referenced in paragraph 4 above exceeded $10,000 in U.S. currency.

7. The assets in the accounts described above generated income, but the plaintiff did not report that income on his original 2007 federal income tax return, despite reporting income from domestic accounts.

8. The plaintiff filed an FBAR for the account ending 5316 late, in October, 2008, but did not include the account ending 6701 on that FBAR.

9. A month prior to submitting his application for the Offshore Voluntary Disclosure Program, the plaintiff filed an amended FBAR for 2007 reporting both UBS accounts.  The plaintiff also filed an amended 2007 income tax return reporting the income generated from his foreign accounts, which exceeded $220,000.

10. The plaintiff was subject to the reporting requirements contained in 31 U.S.C. § 5314 for calendar year 2007 because he is a United States citizen, had an interest in foreign financial accounts, and the balance of the accounts exceeded $10,000.

11. The defendant violated the reporting requirements of 31 U.S.C. § 5314 because he failed to timely file an FBAR for 2007.

12. Section 5321(a)(5) provides for civil penalties for the willful failure to comply with the reporting requirements of section 5314. *See* 31 U.S.C. §§ 5314, 5321(a)(5).

13. The plaintiff's failure to timely comply with the reporting requirements of section 5314 was willful under 31 U.S.C. § 5321(a)(5).

14. On January 30, 2015, a delegate of the Secretary of the Treasury assessed a civil penalty against the plaintiff under 31 U.S.C. § 5321(a)(5) in the amount of $975,789 for 2007.

15. A delegate of the Secretary of the Treasury gave notice of the assessment to the plaintiff and demanded payment of the assessment from the plaintiff.

16. Despite the notice and demand for payment, the plaintiff failed to fully pay the penalty assessed against him.

17. Interest and penalties have accrued and continue to accrue on the penalty assessment described in paragraph 14 above pursuant to 31 U.S.C. § 3717.

18. As of September 10, 2015, the plaintiff is indebted to the United States in the amount of $1,007,345.48 plus statutory additions which continue to accrue thereafter as provided by law.

Wherefore, the United States of America prays as follows:

1. That the relief sought by the plaintiff in the complaint be denied;

2. That the Court enter judgment in favor of the United States on its counter-claim against Arthur Bedrosian in the amount of $1,007,345.48 for the penalty assessed against him under 31 U.S.C. § 5321(a)(5), accrued interest on such penalty, a late payment penalty, and further statutory additions thereon as allowed by law from September 10, 2015 to the date of payment; and

3. That the Court award such other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

Date: February 26, 2016

                    ZANE DAVID MEMEGER
                    United States Attorney

                    CAROLINE D. CIRAOLO
                    Acting Assistant Attorney General

                    */s/ Katherine M. Reinhart*
                    KATHERINE M. REINHART
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    P.O. Box 227
                    Washington, D.C.  20044
                    202-307-6528 (v)
                    202-514-6866 (f)
                    Katherine.Reinhart@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing *United States' Answer and Counter-Claim* was filed on February 26, 2016 through the Court's CM/ECF filing system, which will automatically send a copy to the following:

Patrick Egan
Beth Weisser
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
*Counsel for the Plaintiff*

      /s/ *Katherine M. Reinhart*
      KATHERINE M. REINHART