UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE TREASURY,<br>INTERNAL REVENUE SERVICE<br><br>Defendant. | Civil Action No. 2:15-cv-05853 |

## PLAINTIFF ARTHUR BEDROSIAN'S REPLY TO COUNTERCLAIM

Plaintiff Arthur Bedrosian ("plaintiff") hereby submits the following reply to the counterclaim asserted by the United States of America.

1. Admitted.

2. The allegations in Paragraph 2 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied.

3. The allegations in Paragraph 3 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied.

4. The plaintiff admits that there was a main account registered in his name at UBS AG in Switzerland, with account number ending in XXXXXX5316 during the calendar year 2007 but denies the allegation in Paragraph 4 of the Counterclaim that there was a second main account, with account number ending in XXXXXXXX6701.

5. The plaintiff lacks information sufficient to admit or deny the averments contained in Paragraph 5 and therefore denies the same.

6. Plaintiff admits that the amount in account XXXXXX5316 exceeded $10,000 in U.S. currency in 2007 but denies the remaining allegations in Paragraph 6. By way of further response, see ¶ 4, supra.

7. Admitted. By way of further response, and as alleged in plaintiff's complaint, plaintiff's then tax accountant advised plaintiff that he would have to report the UBS account on his U.S. income tax return when the account was closed and, at that time, would be required to declare any gains in the account.

8. The plaintiff admits that a FBAR was filed late in October 2008 but only became aware of the same during the appeal process. By way of further response, the allegations in Paragraph 8 of the Counterclaim refer to documents that should be examined for their content. To the extent the United States has mischaracterized those documents, plaintiff denies those mischaracterizations and demands strict proof thereof at trial.

9. The allegations in Paragraph 9 of the Counterclaim refer to documents that should be examined for their content. To the extent the United States has mischaracterized those documents, plaintiff denies those mischaracterizations and demands strict proof thereof at trial.

10. The allegations in Paragraph 10 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied.

11. The allegations in Paragraph 11 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied.

12. The allegations in Paragraph 12 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied.

13. The allegations in Paragraph 13 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied. By way of further response, the IRS failed to show that plaintiff's actions amount to a "voluntary, intentional, violation of a known legal duty," as is required to sustain a "willful" penalty under 31 USC § 5321(a)(5). The IRS also failed to consider that plaintiff meets all four (4) of the threshold conditions that may justify the imposition of a penalty that is less than the maximum FBAR penalty.

14. Admitted.

15. Admitted.

16. Admitted. By way of further response, on or about August 26, 2015, plaintiff made a partial payment of the FBAR penalty to the Department of the Treasury in the amount of $9,757.89.

17. The allegations in Paragraph 17 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied.

18. The allegations in Paragraph 18 of the Counterclaim constitute conclusions of law to which no response is required and are therefore denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The United States fails to set forth a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The United States' counterclaim fails because it is unable to show that plaintiff's actions amount to a "voluntary, intentional, violation of a known legal duty" as is required to sustain a "willful" penalty under 31 USC § 5321(a)(5).

## THIRD AFFIRMATIVE DEFENSE

The United States' counterclaim fails because it fails to account for the fact that the plaintiff followed the advice of his now-deceased accountant as to when he was required to report income from the UBS account.

## FOURTH AFFIRMATIVE DEFENSE

The United States' counterclaim fails because it relies upon the false testimony of the plaintiff's current accountant, which testimony was directly contradicted by the 2008 tax return that he prepared and filed on plaintiff's behalf.

## FIFTH AFFIRMATIVE DEFENSE

The United States' counterclaim fails because it does not consider that plaintiff relief upon the advice of an IRS revenue agent when determining how to proceed regarding the FBAR inquiry.

## SIXTH AFFIRMATIVE DEFENSE

The United States' counterclaim fails because it does not consider that plaintiff meets all four (4) of the threshold conditions that may justify the imposition of a penalty that is less than the maximum FBAR penalty. Those conditions are: (1) the person has no history of past FBAR penalty assessments or criminal tax or Bank Secrecy Act convictions for the preceding 10 years; (2) no money passing through any of the foreign accounts associated with the person was from an illegal source or used to further a criminal purpose; (3) the person cooperated during the examination; and (4) the IRS did not sustain a civil fraud penalty against the person for an underpayment for the year(s) in question due to the failure to report income related to any amount in a foreign account. IRM 4.26.16.4.6.1 (7-1-08); IRM 4.26.16.4.6.2 (4-1-08)

WHEREFORE, plaintiff Arthur Bedrosian respectfully requests that the Court enter judgment in his favor on the claims asserted in the Complaint; enter judgment against the United States on the Counterclaim; and any other such relief the Court may deem just and proper.

Respectfully submitted,

/s/ Beth L. Weisser
Patrick J. Egan, Esquire
Beth L. Weisser, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (phone)
(215) 299-2150 (fax)
pegan@foxrothschild.com
bweisser@foxrothschild.com

Attorneys for Plaintiff Arthur Bedrosian

Date: March 21, 2016

## CERTIFICATE OF SERVICE

I, Beth L. Weisser, hereby certify that the foregoing Reply to Counterclaim was served through the Court's CM/ECF filing system, and by electronic mail, upon the following:

Katherine M. Reinhart
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Katherine.Reinhart@usdoj.gov

                                                /s/ Beth L. Weisser
                                                    Beth L. Weisser

Date: March 21, 2016