IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:15-cv-05853 |

### PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff is a long time Executive Officer in the generic pharmaceutical industry. Complaint, ¶ 5.

2. Plaintiff has been working and paying taxes to the Internal Revenue Service since the age of 17. Complaint, ¶ 6.

3. Plaintiff prepared his own tax returns until approximately 1970. From 1970 forward plaintiff engaged the services of CPA Seymour Handelman to prepare plaintiff's returns until Mr. Handelman passed away in 2006. Complaint, ¶ 7.

4. During the 1970's, plaintiff frequently travelled overseas for business and eventually opened a simple savings account with Swiss Credit Corporation. Complaint, ¶¶ 8-9.

5. Thereafter, Swiss Credit Corporation was acquired by Union Bank of Switzerland ("UBS"). Complaint, ¶ 11.

6. In the early 1990's, plaintiff made his tax accountant, Mr. Handelman, aware of the existence of the UBS account. Complaint, ¶ 14; Deposition of Arthur Bedrosian ("Bedrosian Deposition") 66: 9-12 (attached hereto as Exhibit A).

7. Mr. Handelman advised plaintiff that he would have to report the UBS account on his US income tax return when the account was closed. At such time, plaintiff would be required to declare any gains in the account. Complaint, ¶ 15; Bedrosian Deposition 68:17-20; 69:18-24.

8. Mr. Handelman advised plaintiff to leave the account alone for the time and that any tax on funds in the account could be paid either when the funds were repatriated or by his estate when plaintiff died. Bedrosian Deposition 68:17-20; 69:7-10.

9. After Handelman's death, plaintiff engaged Sheldon Bransky to prepare his returns. Bedrosian Deposition, 75: 23-25; 76: 12-22.

10. Bransky prepared plaintiff's 2007 tax return identifying both that plaintiff had an overseas account and identifying that it was in Switzerland. US0008 – US00011 (Question 7a and 7b on US00011) (attached as Exhibit B).

11. Bransky also prepared and filed an FBAR on plaintiff's behalf for calendar year 2007. US0243 (attached hereto as Exhibit C).

12. Upon learning that he needed to report the existence of his overseas account and could not simply pay taxes on the money when it was repatriated, plaintiff approached his attorney about how to proceed and the law firm engaged a forensic accountant, Stewart Farber, to prepare amended returns and to file the appropriate FBAR reports. Bedrosian Deposition 78:24-25; 79: 1-17; 85:11-25; 86:1-25; 87: 1-25; 88:1.

13. In late 2010, plaintiff filed FBAR reports for 2006, 2007, and 2008. In October 2010 he filed an FBAR report for 2009. US0250 – US0253; US0256 – US0259, attached hereto as Exhibit D.

14. In April 2011, plaintiff was contacted by the IRS and notified that his 2008 tax returns had been selected for examination. US0056 – US0057, attached hereto as Exhibit E.

15. Accompanying that letter was an Information Document Request ("IDR") seeking certain items from the plaintiff, such as sources of taxable and non-taxable interest (foreign and domestic), substantiation for all cash contributions, documents detailing the purchase date and price of investments during that tax year, and statement from banks, brokerages, etc. US0057.

16. In October 2011 plaintiff and his representative me with IRS Revenue Agent John West and Group Manager Michael Enz. Deposition of Agent John West ("West Deposition") 34:1-7 (attached hereto as Exhibit F).

17. Plaintiff provided – or had already provided prior to the meeting – all of the documents sought in the IDR. West Deposition, 34:11-15.

18. Plaintiff was "very, very cooperative" during his interview with Agent West and Group Manager Enz. West Deposition, 34:23-24.

19. Plaintiff was "very cooperative with everything [the IRS] asked for." West Deposition, 52:2-5.

20. Agent West continued his examination of plaintiff until November 2012 when he unexpectedly went out on a medical leave. West Deposition, 37:3-10.

21. During the course of the investigation, Agent West requested and received plaintiff's FBAR reports for 2006-2009. West Deposition, 43:3-24; 44:1-13.

22. Agent West ultimately decided that plaintiff's violation of the FBAR requirements was non-willful. West Deposition, 49:6-9; 60:13-17.

23. In September 2012, Agent West and Group Manager Enz met with the treaty case panel to review plaintiff's case. West Deposition, 50:4-6.

24. The treaty case panel consisted of subject matter experts on offshore issues. Deposition of Agent Pamela Christensen ("Christensen Deposition") 18:24; 19:1-6 (attached hereto as Exhibit G).

25. Members of the treaty case panel have specific training in offshore accounts. Christensen Deposition, 18:24; 19:1-16.

26. Counsel was represented on the treaty case panel. West Deposition, 52:22-24; 53:1-13.

27. The treaty case panel recommended that plaintiff's case be closed with non-willful violations. West Deposition, 51:10-13; US0063 (attached hereto as Exhibit H).

28. At the time that Agent West went out on medical leave, the acting group manager had reviewed plaintiff's case file and forwarded the case to the group secretary to close. Christensen Deposition, 17:3-7.

29. Instead of closing the case, Agent Christensen determined that the penalty was understated and conducted her own review. Christensen Deposition, 21:15-21.

30. As soon as she reviewed the file, Agent Christensen decided that she was going to change the decision reached by Agent West and confirmed by the treaty case panel. Christensen Deposition, 31:6-9.

31. Agent Christensen never interviewed plaintiff. Christensen Deposition, 45:10-13.

32. Agent Christensen never spoke with Agent West regarding his 18+ months of investigation or asked about plaintiff's level of cooperation. Christensen Deposition, 14:10-12; West Deposition, 25:2-11; 57:14-24; 58:1-7.

33. Agent Christensen does not know if she had seen plaintiff's 2007 tax return, wherein he disclosed the existence of a foreign account in Switzerland, when she made her determination. Christensen Deposition, 61: 8-15; 62:2-12.

34. Agent Christensen made no note of plaintiff's 2007 return disclosing a Swiss bank account in her examination log and her lead sheet. Christensen Deposition, 62:13-15.

35. On or about July 18, 2013 the IRS imposed upon the plaintiff a willful penalty for failure to filed TDF 90-22.1 for 2007. US0030 – US0036 (attached hereto as Exhibit I).

36. The maximum value of the account was $1,951,578.34 and the amount of the penalty was $975,789.19 – half the value of the account and the highest penalty that could be imposed. US0030 – US0036 (Exhibit I).

37. Plaintiff disclosed the existence of a Swiss bank account on his 2008 tax return. US0043, attached hereto as Exhibit J

38. Before the government had even commenced its investigation, plaintiff had filed FBAR\ reports for the years 2006-2009. West Deposition, 42: 23-24; 43:1-24; 44:1-8; US0243; US0250 – US0253; US0256-US0257; US0258-US0259 (Exhibits F, C, and D).

39. Agent Christensen does not recall whether she reviewed plaintiff's 2007 and 2008 tax returns or his 2007 FBAR before reaching her conclusion that he had willfully failed to file a 2007 FBAR. Christensen Deposition, 61:8-15; 63:13-24; 64:1-23.

40. Plaintiff has no history of past FBAR penalty assessments or criminal tax or Bank Secrecy Act convictions for the preceding 10 years. West Deposition, 53:14-22, Christensen Deposition, 69:16-21; Deposition of Michael Enz ("Enz Deposition"), attached hereto as Exhibit K, 54:18-24, 55:1-3.

41. No money passing through any of the foreign accounts associated with plaintiff was from an illegal source or used to further a criminal purpose. West Deposition, 53:23-24; 54:1-4, Christensen Deposition, 69:22-24, 70:1-8; Enz Deposition 55:4-9.

42. Plaintiff cooperated during the examination. West Deposition, 54:5-7; Christensen Deposition, 70:9-21; Enz Deposition 14:9-10; 16:2-7; 55:10-13.

43. The IRS did not sustain a civil fraud penalty against plaintiff for an underpayment for the years in question due to the failure to report income related to any amount in a foreign account. West Deposition, 54:8-16; Christensen Deposition, 71:6-12, Enz Deposition 55:14-20.

             Respectfully submitted,

             ___/s/ Patrick J. Egan___
             Patrick J. Egan, Esquire
             Beth L. Weisser, Esquire
             FOX ROTHSCHILD LLP
             2000 Market Street, 20th Floor
             Philadelphia, PA 19103
             (215) 299-2000 (telephone)
             (215) 299-2150 (fax)

             *Attorneys for Plaintiff Arthur Bedrosian*

Date: December 5, 2016