IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN, | ) |
| | ) |
| Plaintiff, | )   Case No. 2:15-cv-05853 |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Arthur Bedrosian hereby responds to the Statement of Undisputed Facts submitted by the defendant, The United States of America, in support of the United States' Motion for Summary Judgment.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.

13. Admitted. By way of further response, the investment account was set up by UBS, at their suggestion. Deposition of Arthur Bedrosian ("Bedrosian Dep."), attached hereto as Exhibit A, 113:7-20.

14. Admitted. By way of further response, Bedrosian treated them as one account and considered them as such. Bedrosian Dep., 132:9-25; 133:1-19.

15. Admitted.

16. Denied as stated. Bedrosian did not ask UBS to send account statements because he trusted them to handle his accounts appropriately. He did not have significant concerns about their performance. He also did not have the time or expertise to deal with investments so he followed the advice of UBS. Bedrosian Dep., 114:11-25; 115:1-2.

17. Denied. Plaintiff did not request that UBS refrain from sending him correspondence. UBS asked plaintiff whether it should hold correspondence related to the account and presented him with a pre-printed form for him to sign. UBS suggested to plaintiff that it was more convenient not to mail the forms out. Bedrosian Dep., 126:1-10.

18. Denied. If plaintiff was available when the UBS banker was in the United States then he would meet with him. If such meetings occurred, they were no more than once a year. Bedrosian Dep. 58:6-17.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

2

25. Admitted.

26. Admitted.

27. Denied as stated. Mr. Handelman's response encompassed more than just the referenced text. By way of further response, up until that time Bedrosian was not aware that he needed to report the account. After Handleman made that statement, he and Bedrosian had a conversation as to what to do about the account and Bedrosian followed the advice that Handelman gave him, which was to leave the account as is. Bedrosian Dep., 67:7-25; 69:15-24.

28. Denied as stated. Plaintiff had a discussion with Handelman as to what to do about the account when he first made his accountant aware of it. Handelman advised plaintiff that he would have to report the UBS account on his US income tax return when the account was closed and that, at such time, plaintiff would be required to declare any gains in the account. Bedrosian Dep. 67:24-25; 68:1-25; 69:1-24. Handelman's solution was to leave the account alone for the time and that any tax on funds in the account could be paid either when the funds were repatriated or by his estate when plaintiff died and plaintiff followed that advice. *Id.*

29. Admitted. By way of further response, the main reason that Bedrosian did not begin to report his foreign bank accounts was because his accountant told him to leave the account alone for the time and pay any taxes that would be due either when the funds were repatriated or by his estate when plaintiff died. *Id.*

30. Denied. Bedrosian sought the advice of counsel and upon their advice submitted amended tax returns and FBARs as well as made a voluntary disclosure prior to IRS informing him of its intent to examine his returns. Bedrosian Dep., 78:24-25; 79:1-17: 85:11-24; 87:6-25; US0250 – US0253; US0256 – US0259 (all attached as Exhibit D to Plaintiff's Statement of Undisputed Material Facts); US0045 – US0048, attached hereto as Exhibit B.

3

31. Admitted.

32. Admitted. By way of further response, Bedrosian had no reason to believe that he had to tell Bransky about his previous conversation with Handleman because he was following the advice that Handleman had given him to leave the account as is. Bedrosian Dep., 69:15-24.

33. Admitted.

34. Admitted.

35. Denied as stated. It is admitted that plaintiff did not report the $220,000 income earned on foreign accounts when he originally filed his 2007 tax return. However, prior to the government commencing its investigation of plaintiff, he had filed an amended return for 2007 wherein he reported all income (both foreign and domestic) and paid the necessary taxes. *See* SFARBER-002019 – SFARBER002028, attached hereto as Exhibit C.

36. Admitted. By way of further response, Bedrosian followed the advice of his accountant, whose proposed solution was that "when the money is repatriated, you're going to pay taxes on all this money, all the gain and all the money when you bring it back to the United States." That solution made sense to Bedrosian. He understood that he would pay taxes on the foreign interest and income – just like domestic interest and income – but that he would pay it when the money was repatriated. Bedrosian Dep., 194:23-25; 195:1-17.

37. Admitted.

38. Admitted. By way of further response, in late 2010 – prior to the government commencing its investigation – plaintiff filed an amended FBAR for 2007 reporting the existence of both accounts. US0252 – US0253.

39. Admitted.

40. Admitted.

4

41. Admitted.

42. Denied as stated. It is admitted that Bedrosian sought the advice of counsel regarding his FBAR reporting obligations and that counsel subsequently retained an accountant to prepare amended returns and file the appropriate FBAR reports, all of which was done prior to the government commencing its investigation. Bedrosian Dep. 78:24-25; 79:1-17; 85:11-25; 86:1-25; 87:1-25; 88:1.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted. By way of further response, prior to the government commencing its investigation, plaintiff had voluntarily filed amended tax returns reporting all income earned from the UBS accounts. *See* Exhibit C.

47. Admitted.

48. Admitted.

49. Denied as stated. Bedrosain occasionally researched issues related to taxes on the internet. By no means did he conduct extensive research. He admitted to doing "a little research" and further admitted that he is "no expert." *See* SFARBER-001397, attached hereto as Exhibit D.

50. Admitted.

51. Admitted

52. Admitted.

53. Denied. The amount sought is an unlawful exaction. Therefore Bedrosian owes no money and is entitled to a refund of the amount previously paid.

Respectfully submitted,

/s/ Patrick J. Egan
Patrick J. Egan, Esquire
Beth L. Weisser, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (telephone)
(215) 299-2150 (fax)

*Attorneys for Plaintiff Arthur Bedrosian*

Date: December 19, 2016