IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN, ) | |
| ) | Case No. 2:15-cv-05853 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' RESPONSE TO THE PLAINTIFF'S
MOTION TO ADMIT DEPOSITION TESTIMONY**

In his Motion to Admit Deposition Testimony, the plaintiff, Arthur Bedrosian, inexplicably claims that the testimony of three Internal Revenue Service employees is essential to determining what he was thinking when he failed to disclose his UBS account while simultaneously claiming that the Service employees should not be permitted to testify live at the trial of this matter.  Bedrosian claims that the deposition testimony of the three Service employees, who were not Fed. R. Civ. P. 30(b)(6) witnesses, should be admitted as testimony of officers, directors, managing agents, or designees of the United States.  He also claims that the testimony should be admitted because exceptional circumstances exist to justify the use of deposition testimony instead of live testimony, without actually identifying any alleged exceptional circumstances.  Finally, Bedrosian claims that the deposition testimony qualifies as admissions of agents or employees of the United States even though the deposition testimony Bedrosian seeks to designate and admit at trial consists of the testimony of lower level employees.

As an initial matter, Bedrosian's motion in limine seeking a determination regarding the admissibility of deposition testimony should be denied as untimely. This Court set a deadline for motions in limine of August 14, 2017, and Bedrosian belatedly filed the instant motion on August 18, 2017. If this Court allows the late submission, the motion in limine should still be denied for four primary reasons: 1) the deposition testimony is not relevant to the Court's *de novo* determination as to whether or not Bedrosian acted willfully when he failed to report his $2 million UBS account on his 2007 FBAR; 2) the Service employees do not qualify as officers, directors, managing agents, or designees under Fed. R. Civ. P. 30(b)(6); 3) no exceptional circumstances exist to justify entering the deposition testimony in lieu of live testimony; and 4) the deposition testimony is not an admission of the United States.[1]

**Argument**

I. <u>The Deposition Testimony of the Service Employees is not Relevant to the Plaintiff's State of Mind when he Failed to Disclose his UBS Account</u>

Bedrosian claims, without any support or explanation, that the deposition testimony of three Service employees is relevant to determining his intent in failing to disclose his $2 million UBS account. His position is only slightly elucidated in his response to the United States' motion in limine. *See* Docket No. 46. He appears to argue that because the Service assessed a penalty against him for willfully failing to comply with the FBAR requirements and now seeks a judgment with respect to that penalty, all evidence of any administrative proceedings are relevant to determining whether his noncompliance was willful. He illogically asserts that what

---

[1] The United States contends that John West's deposition testimony is irrelevant. However, the United States has previously notified the plaintiff's counsel that Mr. West may be unavailable to testify at trial, should this Court find his testimony relevant, due to medical reasons. Thus, if the United States' motion in limine, which seeks to exclude his testimony, is denied, the testimony might be entered via deposition transcript under Fed. R. Civ. P. 32(a)(4)(C).

individual Service employees did or did not do prior to the assessment constitutes evidence of his state of mind when he failed to comply with the FBAR requirements years earlier. If this were true, courts would never exclude evidence of administrative proceedings. As set out in the United States' motion in limine, courts routinely have found that such evidence is not probative of whether a person is liable for a tax, a trust fund recovery penalty, or is liable in other civil contexts.

Bedrosian's argument that he will be unable to show that his failure to report his UBS account was not willful without introducing evidence of the opinions of various Service employees is baseless. This case simply does not turn on what the Service believed or did, but instead turns on what Bedrosian believed, knew, or recklessly disregarded when he failed to follow the law. This case did not arise from the Service's investigation at the administrative level as Bedrosian asserts, but instead arose from Bedrosian hiding a valuable UBS account and the Service finding about it before Bedrosian admitted that he owned the account. That he was caught breaking the law by both failing to report a UBS account and failing to report the income he earned from that account does not transform this case into a review of what individual Service employees thought about his noncompliance after the fact. Therefore, the testimony of all three Service employees is irrelevant and inadmissible under both Fed. R. Civ. P. 32 and Fed. R. Evid. 801.

      II.    <u>The Service Employees are not Officers, Directors, Managing Agents, or Designees under Rule 30(b)(6)</u>

Rule 32(a)(3) only authorizes an adverse party to use deposition testimony given by an officer, director, managing agent, or designee under Rule 30(b)(6). Fed. R. Civ. P. 30(b)(6). As Bedrosian concedes, the three Service employees do not qualify as officers, directors, or designees under Rule 30(b)(6). Indeed, Bedrosian took their depositions pursuant to Rule 45, not

3

Rule 30(b)(6).  *Compare* Fed. R. Civ. P. 45 (applicable to third parties); Fed. R. Civ. P. 30(b)(6) (authorizing a party to depose a government agency through an officer, director, managing agent, or designee).  The only remaining available category under Rule 32(a)(3) for the three Service employees is managing agent.

The predecessor to Rule 32(a)(3) was added to allow for the use of a deposition of a person designated by an organization that is a party to testify on its behalf.  *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F.Supp.3d 558, 574 (S.D.N.Y. 2017) (*citing* Advisory Committee Note Fed. R. Civ. P. 32.)  "Consistent with this purpose, Rule 32(a)(3) echoes that of Rule 30(b)(6), which requires an organization subject to a subpoena" to designate a deponent to testify on its behalf.  *Id.*  Adding Rule 32(a)(3) to clearly allow an adverse party to use the deposition of a party's Rule 30(b)(6) deponent is appropriate, because such testimony is "in substance and effect" that of an organization which is a party.  Advisory Committee Note Fed. R. Civ. P. 32.

Considering the purpose of Rule 32(a)(3), the Service employees can only qualify as "managing agents" if they are the equivalent of designees testifying on behalf of the United States.  *See MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F.Supp.3d at 574 (finding that deposition testimony was not admissible under Rule 32(a)(3) because the deponents were not the equivalent of designees under Rule 30(b)(6)).  The manner in which Bedrosian took the depositions of the Service employees is telling.  Instead of seeking a deposition of a witness authorized to bind the United States under Rule 30(b)(6), Bedrosian issued subpoenas under Rule 45.  Bedrosian adhered to the requirement that persons who are not officers, directors, or managing agents must be issued a subpoena, similar to any other third party, and he cannot now claim that they are testifying on behalf of the United States.  *See Atmosphere Hospitality*

*Management, LLC v. Curtullo*, No. 5:13-cv-05040, 2015 WL 136120 (D.S.D. Jan. 9, 2015); *see also Pettyjohn v. Goodyear Tire and Rubber Co.*, No. 91-2681, 1992 WL 168085 (E.D. Pa. July 9, 1992) (stating that a corporation cannot be examined through subordinate employees and that the presence of those employees must be obtained with a subpoena instead of a notice of deposition).

When considering if an individual falls into the category of managing agent, courts have considered factors focusing on whether the person had authority to exercise discretion in corporate matters, whether the person's interests align with the corporation's interests, the nature and extent of the person's job responsibilities, and whether the corporation could direct the person to give testimony. *See Young & Associates Public Relations, LLC v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 523 (D. Utah 2003).[2]  Particularly important is whether the person could use personal discretion to make decisions regarding corporate matters without seeking approval from superiors. *Id.*; *see also Reed Paper Co. v. Proctor & Gamble Distributing Co.*, 144 F.R.D. 2, 6 (D. Me. 1992) (finding that whether a person has general discretion is of great significance in determining whether the person can bind the corporation through deposition testimony and outweighs the other factors).[3]

---

[2] Contrary to the Bedrosian's suggestion, a job title is not dispositive of whether or not an individual is a managing agent. *See* Docket No. 44, pg. 4 (suggesting that by title, courts have found that secretaries, stenographers, and railroad conductors cannot be managing agents).  Furthermore, a closer reading of the *Colonial Capital* case shows that the court did not make a determination as to the status of the secretaries and stenographers, because the party seeking those depositions conceded the issue. *Colonial Capital Co. v. General Motors Corp.*, 29 F.R.D. 514, 515 (D. Conn. 1961).  The other case cited by the plaintiff, *Seaboard Coastline Railroad Company*, is similarly unpersuasive, as it is a state court ruling that considered Tennesee jurisprudence on the status of railroad conductors. *See Seaboard Coastline Railroad Co., et al. v. Hughes*, 521 S.W.2d 558 (Supreme Ct. Tenn. Mar. 10, 1975).

[3] Although the plaintiff suggested that the "critical factor" is whether the deponent's interests align with the corporation, that factor is inapplicable to the current case.  The Service employees, as government agents, have no personal interest in the outcome of this litigation.  Tellingly, the case cited by the plaintiff for this proposition does (continued...)

5

An employee who does not have discretion to make decisions on behalf of the organization but must receive approval from higher ranking employees is not a managing agent. *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F.Supp.3d at 574 (finding that employees who could not exercise judgment or discretion in corporate matters and reported to more senior employees with respect to the audit at issue were not managing agents); *Young & Associates Public Relations, LLC v. Delta Air Lines, Inc.*, 216 F.R.D. at 524 (finding that employees did not qualify as managing agents because they "lacked discretion to make decisions for the corporation without approval and authorization from higher authority").

Bedrosian has not shown that the three Service employees have personal discretion to make decisions that would bind the Service without approval from supervisors. Bedrosian referenced their job titles at the time their depositions were taken and argued without support that those job titles establish that the Service employees had unfettered discretion to impose FBAR penalties. First, the amount of time the three employees have worked for the Service has no bearing on whether they are managing agents for purposes of Rule 32, because the focus is on the extent of their authority.

Second, merely listing a job title without any explanation of what the job entails is insufficient to establish an employee has the type of authority required to be a managing agent. The one detail Bedrosian provides, that John West sends information to revenue agents, does not establish that he had authority to make unilateral decisions on behalf of the Service. None of these three employees testified that they could unilaterally impose a penalty against a taxpayer.

---

(… continued)
not involve the government. *See M.F. Bank Restoration Co. v. Elliott, Bray, & Riley, et al.*, No. 92-0049, 1994 WL 8131 (E.D. Pa. Jan. 11, 1994).

Instead, they described various levels of review that would need to be conducted, culminating in approval from an attorney in the Office of Chief Counsel before the penalty could be imposed.

If Bedrosian wanted to take a deposition of the United States which would qualify under Rule 32, he could have served a notice under Rule 30(b)(6). He chose not to do so. He instead chose to subpoena individual Service employees as fact witnesses.[4] Because the three Service employees are not officers, directors, managing agents, or designees under Rule 30(b)(6), none of their deposition testimony is admissible under Rule 32(a)(3).

### III. No Extraordinary Circumstances Justify Admitting Deposition Testimony in Lieu of Live Testimony

In his motion, Bedrosian conveniently omits the threshold requirement of Rule 32(a)(4), that a witness be unavailable. *See* Fed. R. Civ. P. 32(a)(4)(E) (titled "unavailable witness"). As explained in the case cited by Bedrosian, Rule 32 does not alter the long-standing preference for live testimony and the rule that deposition testimony should only be used as a substitute if the witness is unavailable. *Flores v. NJ Transit Rail Operations, Inc.*, No. 96-3237, 1998 WL 1107871, at *2 (D.N.J. Nov. 2, 1998); *Bobrosky v. Vickers*, 170 F.R.D. 411, 413 (W.D. Va. 1997) ("Rule 32 assumes that under normal circumstances the deposition of a witness will *not* be used at trial in lieu of that witness's live testimony"). With the possible exception of John West, Bedrosian has not shown that the Service employees are unavailable for trial. That fact alone shows that Rule 32(a)(4)(E) does not provide a basis for admitting the Service employees' deposition testimony.

---

[4] The plaintiff also argued that the United States could have directed the three Service employees to give testimony on behalf of the government simply because the employees complied with the Rule 45 subpoenas served on them. That circular argument does not establish that the United States could have or would have designated any or all of the Service employees as designees to give testimony which would bind the United States under Rule 30(b)(6).

The plaintiff also argues that the Service employees' deposition testimony should be admitted, because "exceptional circumstances" are present in this case to overcome the long-standing preference for live testimony. *See* Docket No. 44, pg. 5; Fed. R. Civ. P. 32(a)(4)(E) (providing deposition testimony of an unavailable witness may be admitted if exceptional circumstances are present, in the interest of justice and with respect to the importance of live testimony). Even if Bedrosian could overcome the threshold requirement in Rule 32(a)(4), he has failed to show that exceptional circumstances are present in this case. He claims that exceptional circumstances are that calling the witnesses live would waste time, that government counsel attended the depositions, and Bedrosian should not be required to question the Service employees a second time. Notably, Bedrosian cited no authority for how these reasons constitute "exceptional circumstances" under Rule 32(a)(4)(E).

In determining what qualifies as an exceptional circumstance for purposes of Rule 32, courts have reviewed the explicit exceptions in Rule 32 for guidance. *Bobrosky v. Vickers*, 170 F.R.D. at 414. Thus, the question is whether the particular circumstance is analogous to the unavailability of a witness because of death, distance from the courthouse, age, illness, imprisonment, or inability to compel appearance through a subpoena. *Id.*; *see also Kirby v. J.C. Penney Corp., Inc.*, No. 2:08-cv-1088, 2009 WL 3651199, at *2 (W.D. Pa. Oct. 29, 2009) (stating that Rule 32(a)(4)(E) contemplates that a witness's unavailability is beyond the control of the party seeking to admit the deposition). The nature of the circumstances that rendered the witness unavailable determine whether those circumstances are exceptional. *Griman v. Makousky*, 76 F.3d 151, 153 (7th Cir. 1996).

Although the unexpected disappearance of a witness might be an exceptional circumstance, even the release of a witness from jail and that witness's subsequent disappearance

8

are not exceptional circumstances. *Id.* at 153-154, *citing, Huff v. Marine Tank Testing Corp.*, 631 F.2d 1140, 1142-1143 (4th Cir. 1980). Paying a high fee for a witness to testify does not qualify as an exceptional circumstance, nor does the fact that the trial is not before a jury. *Whyte v. USPS*, 280 F.R.D. 700, 701 (S.D. Fla. 2012) (finding that a witness fee of $4,500 to $5,000 for three hours of testimony did not constitute an exceptional circumstance and that no exception for presenting live testimony exists for bench trials). A circumstance that has qualified as "exceptional" is absence from the district to attend military training after the witness's reserve unit was activated. *Robinson v. Food Service of Belton, Inc.*, 415 F.Supp.2d 1232, 1237, 1238 (D. Kan. 2005).

If Bedrosian's arguments were accepted, every single deposition taken in a civil case could qualify for admission under Rule 32(a)(4)(E). That would render the "exceptional circumstances" requirement meaningless and runs counter to the intent of the rule. The alleged exceptional circumstances in the present case are nothing more than normal conditions of litigation. They certainly do not rise to the level of an unexpectedly absent witness or a witness who is serving in the military. Bedrosian failed to show that circumstances exist to overcome the preference for live testimony instead of deposition testimony.

Finally, Bedrosian also argues that allowing deposition testimony would resolve the United States' objection to admissibility under Fed. R. Evid. 403, as contained in its motion in limine. The United States' objection, however, is that any evidence of the administrative proceeding regarding willfulness should be excluded, not only deposition testimony. *See* Docket No. 43. That a party objected to the admissibility of evidence under Rule 403 does not qualify as an exceptional circumstance under Rule 32(a)(4)(E). Therefore, the deposition testimony of the Service employees is not admissible under Rule 32(a)(4).

IV.     The Deposition Testimony is not an Admission of the United States

Bedrosian's conclusory statement that the Service employees gave deposition testimony on matters within the scope of their employment does not establish that their testimony qualifies as an admission of the United States under Fed. R. Evid. 801(d)(2)(D).  As referenced above, Bedrosian specifically chose not to take a deposition of the United States through Rule 30(b)(6), which would have produced testimony that is binding on the United States.  To find that a party can issue Rule 45 subpoenas to multiple Service employees involved in an audit and then admit their testimony wholesale as an admission of the United States would eviscerate the purpose of Rule 30(b)(6), which is to allow a government agency to designate which of its agents can testify on its behalf.

Bedrosian attempts to enter deposition testimony that one Service employee thought a lower penalty would apply to show that the final agency determination was improper.  Such a statement by a Service employee cannot bind the United States in this *de novo* action and therefore should not be admitted under Rule 801.  *See Posey v. United States*, 449 F.2d 228, 234 (5th Cir. 1971); *see also Sanders v. Comm'r of Internal Revenue*, 225 F.2d 629, 634 (10th Cir. 1955) (stating that the United States cannot be estopped by the unauthorized acts of its agents nor can such agents waive the rights of the United States through their unauthorized acts); *Louderback v. United States*, 500 F.Supp. 575, 579 (D. Col. 1980) ("[A]n Internal Revenue Service agent does not have authority to make a final determination binding on the government…").  If a Service employee, without proper authority, states that a certain result will occur, such statement cannot bind the United States.  *Miller v. United States*, 949 F.2d 708, 712-713 (4th Cir. 1991) (finding that purported statement by Service employee that taxpayer would receive a tax refund did not preclude the Service from ultimately denying the refund); *see also*

*Posey v. United States*, 449 F.2d at 234 ("The collection of taxes required by law cannot be defeated by the mistakes of employees.  The law and the regulations must govern, else chaos could, or would, often result").

This would also give rise to the problem that was a concern in *Kolb v. Suffolk County*. *See Kolb v. Suffolk County*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985).  Bedrosian seeks to admit the deposition testimony of the Service employees to avoid calling them live at trial, which he admits would significantly multiply the time for trial.  This would turn the trial into one by deposition.  As the *Kolb* court stated, there is a preference for live testimony, partly to allow the fact finder to observe the witnesses' demeanor and to allow the fact finder to question the witnesses.  *Id*.  Rule 801 should not be used to allow wholesale admission of depositions when the witnesses can appear at trial.  *Id*. at 127-128.  Thus, if the Court determines the testimony to be relevant and not excludable under Rule 403, the witnesses should be called live.  Therefore, the Service employees' deposition testimony should not be admitted under Rule 801(d)(2)(D).

//

//

**Conclusion**

For the foregoing reasons, the plaintiff's motion to admit deposition testimony should be denied.

Date: August 25, 2017

                                        Respectfully submitted,

                                        LOUIS D. LAPPEN
                                        Acting United States Attorney

                                        DAVID A. HUBBERT
                                        Acting Assistant Attorney General

                                        /s/ *Katherine M. Reinhart*
                                        KATHERINE M. REINHART
                                        KAVITHA BONDADA
                                        Trial Attorneys, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Washington, D.C.  20044
                                        202-307-6528/6536 (v)
                                        202-514-6866 (f)
                                        Katherine.Reinhart@usdoj.gov
                                        Kavitha.Bondada@usdoj.gov

CERTIFICATE OF SERVICE

I certify that the foregoing *United States' Response to the Plaintiff's Motion to Admit Deposition Testimony* was filed on August 25, 2017 through the Court's CM/ECF filing system, which will automatically send a copy to the following:

Patrick Egan
Beth Weisser
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
*Counsel for the Plaintiff*

        /s/ *Katherine M. Reinhart*
        KATHERINE M. REINHART