IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARTHUR BEDROSIAN** <br><br> v. <br><br> **THE UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE** | **CIVIL ACTION** <br><br> **NO. 15-5853** |

Baylson, J.                                                                                                September 5, 2017

### MEMORANDUM RE: MOTION IN LIMINE

Presently before the Court in this tax penalty action is Defendant the United States' motion in limine to preclude evidence concerning the "procedures, actions, analyses, or viewpoints of the Internal Revenue Service and its personnel at the administrative level regarding willfulness." (ECF 43, Gov't Mot. at 1.) Plaintiff Arthur Bedrosian opposes the motion on the grounds that the IRS administrative findings and related testimony are relevant to the Court's determination of whether his failure to file an accurate Report of Foreign Bank and Financial Accounts ("FBAR") in 2007 was willful. (ECF 46, Bedrosian Opp'n.) For the reasons discussed below, Defendant's motion is granted.

**I.   Legal Framework**

Although the Third Circuit has not ruled on what standard of review applies to a determination of the validity of an IRS penalty under 31 U.S.C. § 5321, those courts that have considered the question have found the correct standard to be *de novo*. See United States v. Williams, No. 09-437, 2010 WL 3473311, at *1 (E.D. Va. Sept. 1, 2010), rev'd on other grounds, United States v. Williams, 489 F. App'x 655 (4th Cir. 2012) (looking to enforcement actions brought by the government in other contexts which require a *de novo* review, as well as the fact that Section 5321 provides for no adjudicatory hearing before an FBAR penalty is

assessed, to conclude that *de novo* review is appropriate); United States v. McBride, 908 F. Supp. 2d 1186, 1201 (D. Utah 2012) (applying *de novo* standard to whether underlying penalty was valid).

The government bears the burden of proving each element of its claim for a civil FBAR penalty by a preponderance of the evidence, including the key question here of whether an individual's failure to report was "willful." Williams, 2010 WL 3473311, at *1; McBride, 908 F. Supp. 2d at 1201-02 (explaining that "[a]s with [g]overnment penalty enforcement and collection cases generally, absent a statute that prescribes the burden of proof, imposition of a higher burden of proof is warranted only where 'particularly important individual interests or rights,' are at stake") (quoting Herman & MacLean v. Huddleston, 459 U.S. 375, 389 (1983)); United States v. Bohanec, No. 15-4347, __F. Supp. 3d.__, 2016 WL 7167860, at *6 (C.D. Cal. Dec. 8, 2016) (holding that because "[t]he monetary sanctions at issue [in an FBAR civil penalty action] do not rise to the level of 'particularly important individual interest or rights,' . . . the preponderance of the evidence standard applies").

## II. Analysis

The government cites significant case law supporting its position that "[e]vidence regarding the thoughts, analysis, application of facts to law, and determinations at the administrative level with respect to willfulness have no place in the Court's *de novo* review of whether Bedrosian willfully failed to comply with the FBAR requirements." (Gov't Mot. at 6.) One especially compelling case is United States v. Farley, 11 F.3d 1385 (7th Cir. 1993), in which the court reviewed the district court's dismissal of a government action against an individual for violation of one of the Clayton Act's reporting requirements. The government had refused to produce certain internal Federal Trade Commission ("FTC") documents from the underlying

administrative investigation in contravention to the district court's order, citing work product and deliberative process privileges.  Id. at 1387.  The district court dismissed the case with prejudice due to the government's failure to abide the court's order.

The Seventh Circuit first found that the documents were within the scope of both privileges and that the district court had therefore erred in ordering the documents' disclosure without assessing the defendant's need for them.  Id. at 1389-90.  Second, and pertinent to this case, the court declined to remand for such a balancing analysis because the documents were legally irrelevant to the issue presented by the government's complaint.  Specifically, the court held that the FTC documents were not relevant to the defendant's claim that his stock purchase fell within a given exemption to the federal reporting requirement because "[t]his defense requires only that the district court interpret the statutory exemption and determine whether [the defendant's] purchases were within the scope of that exemption."  Id. at 1390.

Similarly, here Bedrosian cannot show that documents relating to the underlying IRS investigation and penalty assessment are relevant to the only question that remains in this case—whether he acted willfully when he failed to report one of his foreign accounts on his 2007 FBAR.  As in Farley, that determination solely requires our consideration of Section 5321 and evidence pertaining to Bedrosian's state of mind in failing to accurately file his 2007 FBAR.

We further find instructive cases in which courts conduct *de novo* reviews of tax assessments.  In Katz v. United States, No. 91-5623, 1992 WL 103006 (E.D. Pa. May 6, 1992), the court granted the government's motion to preclude the defendant from introducing evidence at trial pertaining to the IRS's investigation because "[i]t is not for [the] court to look behind an assessment to evaluate the procedure and evidence used in making the assessment."  Id. at *1 (explaining that the *de novo* standard of review meant that there was no need for "any ancillary

determination as to the procedures employed by the government in levying their assessment"); see also Rupert v. United States, 225 F.R.D. 154, 157 (M.D. Pa. 2004) (stating that where the court must determine the propriety of a tax refund, it "must independently evaluate the [p]laintiffs' claim, [rendering] the recommendations of the [IRS] Appeals Officer . . . not relevant to [the] review").

Bedrosian, on the other hand, fails to proffer any case law that compels a contrary conclusion. He first cites S.H. v. State-Operated School District of City of Newark, 336 F.3d 260 (3d Cir. 2003) and Wilkins v. District of Columbia., 571 F. Supp. 2d 163 (D.D.C. 2008) for the proposition that we must give "due weight" to the underlying administrative proceedings. (Bedrosian Opp'n at 8.) But those cases deal with the particular circumstance of judicial review over cases arising under the Individuals with Disabilities Education Act ("IDEA"), which standard of review has developed in a line of cases specific to that statute. See Bd. of Educ. of Hendrick Hudson Ctrl. Sch. Dist., Westchester Cty. v. Rowley, 458 U.S. 176, 206 (1982) ("The fact that § 1415(e) requires that the reviewing court 'receive the records of the [state] administrative proceedings' carries with it the implied requirement that due weight shall be given to these proceedings."); Shore Reg'l High Sch. Bd. of Educ. v. P.S., 381 F.3d 194, 199 (3d Cir. 2004). Indeed, Bedrosian points us to no precedent for the application of such a standard outside of the IDEA context. Because neither the Supreme Court nor any other court discovered by the undersigned has limited the district court's *de novo* review of the imposition of an FBAR civil penalty in such a way, these cases are inapposite to the instant inquiry.

Bedrosian additionally argues that the fact that Section 5321 did not afford him an adjudicatory hearing sways in favor of admitting evidence relating to the IRS's administrative findings because he did not have "an adequate opportunity to be heard at the administrative level

before the willful FBAR penalty was imposed." (Bedrosian Opp'n at 9.) We disagree. Bedrosian has the chance before this Court to put forth any relevant, admissible evidence of the only issue left to be adjudicated—his state of mind in not filing an accurate 2007 FBAR. The IRS's analysis of Bedrosian's case, its preliminary conclusions regarding his FBAR violation, and the viewpoints of its personnel plainly do not go to Bedrosian's willfulness in failing to list one of his foreign accounts on his 2007 FBAR.

     For the aforementioned reasons, we find that the government is correct in its contention that evidence concerning the "procedures, actions, analyses, or viewpoints of the Internal Revenue Service and its personnel at the administrative level regarding willfulness" is not relevant under FRE 401. (Gov't Mot. at 1.) Because evidence must be admissible in order to be relevant under FRE 402, the inquiry ends here and Bedrosian will not be permitted to introduce such evidence at trial.

O:\CIVIL 15\15-5853 Bedrosian v United States\15cv5853 memo re MIL.docx