IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN, | ) |
|       Plaintiff, | ) Case No. 2:15-cv-05853 |
| v. | ) |
| UNITED STATES OF AMERICA, et al., | ) |
|       Defendants. | ) |

**PLAINTIFF ARTHUR BEDROSIAN'S RESPONSE
TO THE UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Arthur Bedrosian hereby responds to the Notice of Supplemental Authority submitted by the United States of America (Doc. No. 82), which brought to the Court's attention a recent decision by the Fourth Circuit of Appeals in *United States v. Horowitz*, No. 19-1280, 2020 WL 6140674 (4th Cir. Oct. 20, 2020). In that case, the Fourth Circuit applied the same legal standard for "recklessness" as the Third Circuit has held applies to this case, and concluded that the plaintiffs were reckless. However, the facts in *Horowitz* are distinguishable from the case before this Court because the Horowitzes engaged in conduct far more egregious than any action taken by Plaintiff. Thus, the Fourth Circuit's opinion supports Plaintiff's position that his conduct was not objectively reckless in reporting his foreign bank accounts.

Amongst other facts that distinguish this case from *Horowitz*, the most important factual difference is that in reviewing their tax returns, the Horowitzes checked "no" to Question 7a on Schedule B, and left blank the line to answer Question 7b - even though they had had accounts in Switzerland for years. Plaintiff's filed his individual tax return for 2007 and checked "Yes" to Question 7a on Schedule B and in response to the follow-up question accurately indicated the country of the account by reporting "Switzerland." Also, the Horowitzes failed to file an FBAR

for the years at issue. Plaintiff here filed an FBAR. Defendant bases its claim on an error in the FBAR. The difference between affirmatively stating that no foreign account existed as in the Horiwitz case and affirmatively stating that a foreign account exists as Plaintiff did but merely making an error on the FBAR form here cannot be overstated. Defendant argued strenuously at trial that Plaintiff had intended to file an erroneous FBAR. This Court, having presided over trial and observed the witnesses, disagreed with that conclusion and found Plaintiff completely credible. Indeed, Defendant's counsel conceded that Bedrosian was credible on the record. Defendant called no witnesses to support this inference. On the contrary, it filed Motions in Limine to prevent Bedrosian from calling the IRS auditor and other employees who supported his position. Unlike the Horowitzes, Bedrosian had filed amended returns and paid all penalties and interest prior to the IRS audit. Finally, the Horowitzes traveled to Switzerland on two separate occasions contemporaneously with affirmatively stating they had no foreign accounts. There is no similar evidence in the present case.

The Fourth Circuit in *Horowitz* applied the legal standard for recklessness that governs this case: a "willful violation" in the context of § 5321(a)(5)(C) is both knowing and reckless violations. In support of its decision to apply this standard to the Horowitzes, the Fourth Circuit cited to the Third Circuit of Appeals' decision in this case. In addition, the *Horowitz* opinion's definition of "recklessness" in the civil context (failure to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known) relies on the same authority as the Third Circuit's opinion in this case.

An objective comparison of Plaintiff's actions to those of the Horowitzes' shows that Plaintiff's conduct is not of a comparable degree of egregiousness. The facts of this case establish

that Plaintiff's conduct was not objectively reckless, and thus not willful, as a matter of law. Consequently, Plaintiff did not willfully violated § 5314.

Respectfully submitted,

\_\_\_/s/ Patrick J. Egan_____
Patrick J. Egan, Esquire
Beth L. Weisser, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (telephone)
(215) 299-2150 (fax)
pegan@foxrothschild.com

*Attorneys for Plaintiff Arthur Bedrosian*

Date: October 27, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I electronically filed the foregoing response to notice with the Clerk of the Court using the CM/ECF system.

   /s/ Patrick J. Egan
Patrick J. Egan, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (telephone)
(215) 299-2150 (fax)
pegan@foxrothschild.com

*Attorneys for Plaintiff Arthur Bedrosian*

Date:   October 27, 2020