IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN, | ) |
| | ) |
| **Plaintiff,** | ) Case No. 2:15-cv-05853 |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**PLAINTIFF ARTHUR BEDROSIAN'S STATEMENT
REGARDING CALCULATION OF THE FBAR PENALTY**

Plaintiff Arthur Bedrosian ("Plaintiff") by and through his undersigned counsel, hereby submits the following in response to the Court's December 4 and December 11, 2020 Orders directing the parties to submit statements setting forth their arguments regarding the amount of the penalty to be imposed in this matter. Because defendant failed to meet its burden of proving the amount of the penalty it seeks to collect, and because the defendant is precluded from submitting any such evidence long after the record is closed, the penalty is zero.

**I.  Defendant Has Failed To Meet Its Burden of Proof Regarding The Amount of the Penalty It Seeks to Collect**

The government bears the burden of proving each element of its claim for a civil FBAR penalty. *See United States v. Williams*, 2010 WL 3473311, at *1 (E.D. Va. Sept. 1, 2010). The government has failed to meet its burden to prove the amount of the penalty it seeks to collect.

**A.  The Witness Offered at Trial By Defendant to Explain The Calculation of the Penalty Had "No Knowledge Where The Calculation of [the Penalty] Amount Comes From."**

Defendant seeks to recover more than $975,789.17 from the plaintiff for his alleged willful violation of the FBAR statute but defendant has failed to meet its burden of proof to substantiate that figure. In support of the claimed penalty, at trial defendant offered Government Exhibit A ("Form 13448

Penalty Assessment Certification (Title 31 "FBAR")") and the testimony of Nancy Beasley. Ms. Beasley testified that she "prepared" Government Exhibit A by taking a piece of paper with the penalty already calculated from the agent who conducted the examination[1], inputting that number into her computer, and printing out the form that constitutes Government Exhibit A.  (NT 122:22-25; 123:25: 124:1-14).  Ms. Beasley testified that she:

- had no role in determining the penalty (NT 123:10-11);
- receives the penalty information from someone else (123:12-13);
- has no idea how they determine the penalty (123:14-16);
- does not know where the information came from that is used to determine the penalty (123:17-19); and
- has no idea what issues related to the individual's account may or may not impact how the penalty was determined, or if it is even accurate (124:18-21).

In pre-trial proceedings, plaintiff asked defendant to provide information regarding the scope of Ms. Beasley's testimony.  Defendant responded "[W]e expect to offer Ms. Beasley's testimony to <u>authenticate records of the Internal Revenue Service</u> with respect to the amount of the penalty assessed against the plaintiff <u>and to explain the calculation of the penalty</u>, as well as interest and late-payment penalty." (emphasis added).  *See* August 10, 2017 letter attached hereto as Exhibit A.  Ms. Beasley was unable to do either of those things.  To quote Ms. Beasley's own words from trial: "I have no knowledge to where the calculation of this amount comes from."  (NT 123:23-24).  Defendant offered no other witness to testify regarding the calculation of the penalty.

### B. Defendant Precluded The Witness Who Might Have Been Able To Substantiate The Penalty From Testifying.

According to Ms. Beasley,  the "agent that conducts the examination" (NT 122:24-25) calculates the penalty, but defendant chose not to call that agent as a witness at trial and, in fact, filed a motion *in limine* to preclude any evidence regarding the actions, analysis, conclusions, opinions, or statements of

---

[1] In this case, Agent John West was primarily responsible for conducting the examination. When Agent West took a medical leave of absence, Agent Pamela Christensen was given responsibility to close the file based on Agent West's examination.

the Internal Revenue Service personnel during its investigation. *See* Doc. No. 43. By not calling the agent, and by not presenting a witness with any knowledge regarding the calculation of the penalty, defendant denied plaintiff his right to cross-examine a witness on this crucial issue and therefore denied him due process. *See Jasin v. Michael, Best & Friedrich, LLP*, 409 Fed.Appx. 575, 578-79 (3d Cir. 2011) (finding that "an opportunity to cross-examine witnesses or to respond to written evidence" is one of the "essential elements" of due process.) (internal citations omitted). Defendant should not be allowed to benefit from its refusal to present a readily available material witness.

### C. Defendant's Trial Exhibit R Is Not Admissible And Therefore Cannot Be Relied Upon In Support Of Defendant's Claimed Penalty.

To support its claimed penalty, defendant sought the admission of Government Exhibit R and Government Exhibit T, but offered no witness to testify regarding either of these documents, making them textbook examples of hearsay. *See* Fed. R. Evid. 801(c)(1)-(2). In response to plaintiff's hearsay objection at trial (NT 135:15-19), defendant argued that these documents were encompassed within Government Exhibit U ("Certification of Business Records") and therefore qualify as an exception to the hearsay rule. Defendant is incorrect.

Federal Rule of Evidence 803(6) sets forth the hearsay exception for Records of a Regularly Conducted Activity. The so-called "business records exception" *only* applies to documents that are inherently reliable and trustworthy. *See Uitts v. General Motors Corp.*, 411 F.Supp. 1380, 1382 (E.D. Pa. 1974) (excluding reports prepared for sole purpose of alerting manufacturer about possible difficulties because they did not have indicia of reliability to qualify for admission under business records exception); *U.S. v. Saldana*, 2010 WL 3119967, *14 (D. V.I. Aug. 4, 2010) (finding that defendant failed to show that a document fell under the business records hearsay exception when defendant himself wrote the document and, therefore, it lacked trustworthiness). Furthermore, records that are prepared in anticipation of litigation are not admissible under the business records exception to the hearsay rule.

*Aamco Transmissions, Inc. v. Baker*, 591 F.Supp.2d 788, 794 (E.D. Pa. 2008) (excluding memo prepared by director of consumer affairs because it was created in anticipation of litigation and not in the course of regularly conducted business activities).

*U.S. v. Pelullo*, 964 F.2d 193 (3d Cir. 1992) demonstrates just how demanding the Third Circuit views the foundational requirements of the Rules of Evidence. In that case, the defendant appealed his conviction for various RICO violations. The Third Circuit held that there was insufficient foundation for wire transfer documents to be admitted under the business records exception. 964 F.2d at 200. The government argued that the documents could be admitted because there were sufficient "circumstantial guarantees of trustworthiness" such as the documents being obtained in response to grand jury subpoenas directed to the corporations and the bank; testimony of witnesses involved in the transactions corroborated the information in the records, and defendant had not stated any reason why the records were not reliable. *Id.* at 201. The Third Circuit found no authority holding that "the court may admit into evidence under the business exception to the hearsay rule documents containing hearsay simply because there are *some* indicia of the trustworthiness of the statement." *Id.* (emphasis added). Indeed, to qualify for the business records exception, the document must be one where "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E). Defendant here has offered significantly less evidence than the government did in *Pelullo*.

Exhibit R lacks all indicia of reliability and trustworthiness and defendant failed to offer any foundation at trial, let alone sufficient foundation, to justify its admission. Exhibit R fails to even identify what it is, and defendant offered no testimony or other evidence to tell the Court what it is. It is black letter law that statements from a lawyer do not constitute evidence. *See* Third Circuit Model Civil Jury Instructions 1.5 ("The following things are not evidence: [s]tatements, arguments, and questions of the lawyers for the parties in this case ….) Exhibit R makes no mention of (i) plaintiff's name, (ii) the bank

4

where it allegedly originated, or (iii) plaintiff's bank account numbers.  It fails to state when it was prepared or by whom.  Separate from the hearsay objection, Exhibit R is not even relevant.  Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Exhibit R fails to make anything more or less probable.  In fact, without testimony to explain what it is or why it is relevant (and defendant presented no such testimony), Exhibit R is meaningless.

The business records certification at Government Exhibit U fails to cure the problem.  Most notably, the business records certification fails to tie Exhibit R to the plaintiff, to his bank accounts, or to this case.  Based on the heavy redactions contained throughout the attachment to Exhibit U, it is evident that the certification was a generic document prepared more than seven years before trial and in no way specific to plaintiff or his accounts.  Even the most detailed review of Exhibit R, its attachments, and Exhibit U leaves the reader clueless as to what Exhibit R is, where it came from, or to whom it applies.  It is not relevant; it certainly does not qualify as an exception to the rule against hearsay; and it cannot be the basis for assessing a penalty against plaintiff.

### D.     Defendant Is Not Permitted To Introduce New Evidence Because The Record Is Closed.

Defendant is not permitted to attempt to do now what it ought to have attempted to do at trial: introduce evidence to substantiate its claimed penalty amount. Federal Rule of Civil Procedure 52(a)(1) provides that "[i]n an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court." F.R.C.P. 52.  Trial concluded and the evidence closed on September 7, followed by the Court's issuance of its Findings and Conclusions on September 20, 2017.  There can be no further opportunity for submission of evidence.

        Respectfully submitted,

        ___/s/ Patrick J. Egan_____
        Patrick J. Egan, Esquire
        Beth L. Weisser, Esquire
        FOX ROTHSCHILD LLP
        2000 Market Street, 20th Floor
        Philadelphia, PA 19103
        (215) 299-2000 (telephone)
        (215) 299-2150 (fax)

        *Attorneys for Plaintiff Arthur Bedrosian*

Date: January 12, 2021

# EXHIBIT "A"



U.S. Department of Justice

**Tax Division**
*Civil Trial Section, Eastern Region*

DAH:DSM:KReinhart:jcc
DJ 5-62-13152
CMN 2016100198

P.O. Box 227   Telephone: 202-307-6536
Washington, D.C. 20044   Telecopier: 202-514-6866

August 10, 2017

<u>Via First Class Mail and Email</u>
Beth Weisser
Patrick Egan
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103-3222
BWeisser@foxrothschild.com
PEgan@foxrothschild.com

      Re:    *Arthur Bedrosian v. United States*
             <u>No. 2:15-cv-05853 (USDC E.D.Pa)</u>

Dear Ms. Weisser and Mr. Egan:

      We received your letter dated August 1, 2017 in which you referenced the Internal Revenue Service employees identified in the United States' witness list. As an initial matter, we believe they fall within the scope of the Internal Revenue Service witness described in the United States' initial disclosures.

      We do not believe any testimony or evidence of the administrative proceeding regarding willfulness is relevant to the determination before the Court at trial. We intend to file a motion to exclude such evidence. We also note that we are unaware of any requirement to give an "offer of proof" to another party regarding a trial witness's anticipated testimony in advance of trial.

      However, although not required to do so, we provide the following information. As we explained during our phone call on August 1, 2017, we expect to offer Ms. Beasley's testimony to authenticate records of the Internal Revenue Service with respect to the amount of the penalty assessed against the plaintiff and to explain the calculation of the penalty, as well as interest and the late-payment penalty.[1] If the Court allows evidence of the administrative proceeding

---

[1] Additionally, the United States submitted an affidavit signed by Nancy Beasley to support its summary judgment motion. Thus, at least as of the filing of that motion, the plaintiff was on notice that her testimony may be used to support the United States' case.

regarding willfulness to be admitted, we anticipate calling Mr. Ley to testify regarding the Service's procedures in processing FBAR cases. We are willing to discuss any requests you may have as to making Mr. Ley available for a deposition before the trial of this matter.

Finally, we note that, to date, the plaintiff has failed to disclose the witnesses he intends to call at trial, pursuant to Federal Rule of Civil Procedure 26. If we have not received his witness list by the close of business on August 11, 2017, we intend to seek appropriate relief from the Court.

If you have any questions, please call me at (202) 307-6528 or Kavitha Bondada at (202) 307-6536.

Sincerely,

KAVITHA BONDADA
KATHERINE M. REINHART
Trial Attorneys
Civil Trial Section, Eastern Region

2

**CERTIFICATE OF SERVICE**

I, Beth L. Weisser, hereby certify that Plaintiff's Statement Regarding Calculation of the FBAR Penalty was served on all counsel of record via the Court's ECF system.

/s/ Beth L. Weisser
Beth L. Weisser

Date: January 12, 2021