IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-05853 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**RESPONSE TO PLAINTIFF'S STATEMENT REGARDING THE FBAR PENALTY**

As the Government explains at dkt. no. 91, the judgment amount ($1,371,371 as of January 4, 2021) is a straightforward result of applying payments and accruals to the original assessment of $975,789. Once willfulness has been established, the *amount* of the original assessment is proper because Bedrosian has conceded it to be, the court has found it to be, and it is in any case 50% of a bank account balance that the Government has proved. *See* dkt. no. 91.

Bedrosian stakes out the extreme position that the judgment should be for zero dollars because, he states, there is *nothing* to support the assessment amount of $975,789. He is wrong. First, in focusing on the supposed lack of evidence during trial, Bedrosian ignores that the penalty amount was established to be 50% of the relevant bank account balance well *before* trial, due to his own admissions and this Court's earlier ruling. *See id.* at 2. Plus, the proper penalty could be independently determined by taking 50% of the account balance at the time of violation, a number the Government proved at trial.[1]

---

[1] Exhibit U is a declaration from a custodian at UBS concerning business records, and it identifies Exhibit R by referring to its production number. None of the cases Bedrosian cites against admitting Ex. R are relevant. Here, unlike *U.S. v. Pellulo*, the Government has a

Bedrosian complains that he was not able to cross examine a witness about the calculation of the penalty amount. He cites the generality that due process requires being able to cross examine witnesses. Bedrosian was afforded this right: he cross examined the Government's witness. The cross examination right does not compel the Government to put up unnecessary witnesses (so that Bedrosian can cross examine them) if the relationship of the penalty amount and the bank balance is already established. Nor must the Government put someone on the stand just to do math and take 50% of an amount established by judicial admission or documents.[2]

If the Court nonetheless finds that there is not enough in the record to support the amount of the assessment, the proper remedy would be to remand the matter to the agency, rather than to enter a zero dollar judgment. *See United States v. Rum*, 2019 WL 3943250, at *9 (M.D. Fla. Aug. 2, 2019) ("If a court finds that an agency acted arbitrarily and capriciously, the proper course 'is to remand to the agency for additional investigation or explanation.'") (*citing Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed. 2d 643 (1985).

---

declaration from a records custodian. *Cf.* 964 F.2d 193, 201 (3d Cir. 1992). Here, unlike *Saldana*, the Government is not offering as evidence a document *it* prepared. *U.S. v. Saldana*, 2010 WL 3119967 (D.V.I. 2010). In *Uitts*, a party sought to use records containing questionably relevant analysis — here we have no analysis, only a record reflecting a bank account balance. *Cf. Uitts v. G.M. Corp.*, 411 F.Supp. 1380 (E.D. Pa. 1974). Last, there is no indicia that this UBS bank account record was prepared in anticipation of litigation. *Cf. AAMCO Transmissions, Inc. v. Baker*, 591 F.Supp.2d 788 (E.D. Pa. 2008).

[2] Nancy Beasley did not need to explain why the assessment amount was correct, given the other evidence and the conceded facts. Her testimony instead was about when the assessment was made and when the demand for payment was sent – facts important in calculating accruals on the original assessment.

Dated: January 19, 2021                    Respectfully submitted,

                                           RICHARD E. ZUCKERMAN
                                           Principal Deputy Assistant Attorney General

                                           /s/ Nishant Kumar
                                           NISHANT KUMAR
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           Post Office Box 227
                                           Washington, DC 20044
                                           Tel: (202) 514-2986
                                           Fax: (202) 514-6866
                                           Nishant.kumar@usdoj.gov

                                           *On behalf the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                           /s/ Nishant Kumar
                                           NISHANT KUMAR
                                           Trial Attorney, Tax Division
                                           United States Department of Justice
                                           P.O. Box 227
                                           Washington, DC 20044
                                           Tel: (202) 514-2986
                                           Fax: (202) 514-6866
                                           Nishant.kumar@usdoj.gov