IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR BEDROSIAN<br><br>v.<br><br>THE UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE | CIVIL ACTION<br><br>NO. 15-5853 |

**MEMORANDUM AND ORDER RE PENALTY AMOUNT**

Following this Court's Judgment filed September 20, 2017, and an appeal by the United States, the Third Circuit ordered a remand. Bedrosian v. United States, Dep't of Treasury, IRS, 912 F.3d 144 (3d Cir. 2018). After additional briefing by the parties, the Court found that Plaintiff Arthur Bedrosian acted willfully in failing to file a FBAR. Bedrosian v. United States, 15-5853, 2020 WL 7129303 (E.D. Pa. Dec. 4, 2020). The Court then ordered the parties to confer and file joint or separate statements regarding the amount of the penalty to be imposed. (ECF 87.) The parties have filed separate statements (ECF 90, 91), and responses (ECF 92, 93).

Bedrosian argues that no penalty should be imposed because the government has failed to meet its burden to prove the amount of the penalty. The government argues that Bedrosian has admitted to the amount on multiple occasions, and in the alternative that the government's submissions prove the amount. Further, the government explains that the relevant statutes and Internal Revenue Service ("IRS") guidance dictate the imposition of the maximum penalty amount in this case.

The maximum penalty for a willful violation of the FBAR reporting requirement is the greater of $100,000 or 50% of the bank account balance at the time of the violation. 31 U.S.C. § 5321(a)(5)(C), (D). Interest accrues from the date the "notice of the amount due is first mailed to

1

the debtor." 31 U.S.C. § 3717(b)(2). In addition, a late-payment penalty must be assessed for the portion of the debt that remains unpaid after 90 days. 31 U.S.C. § 3717(e)(2).

In this case, the IRS assessed the maximum penalty of 50% of the bank account balance which was $975,789. For purposes of calculating interest, notice of the amount due was mailed to Bedrosian on January 30, 2015. Bedrosian made a payment of $9,757 on August 26, 2015. According to the government, the unpaid amount as of January 4, 2020, taking into account interest, late fees, and the amount already paid is $1,371,371.

The documents submitted by the government for purposes of proving the penalty amount are as follows:

- **Exhibit R**: A spreadsheet created by UBS which shows the monthly balances (in Swiss Francs) of a bank account for the years 2001 through 2008. The government submits that it is Bedrosian's UBS account ending in 6167.
- **Exhibit U**: A statement by UBS's legal counsel that documents attached to Exhibit U are documents maintained by UBS which:
    - "1. were made at or near the time of the occurrence of the matters set forth therein, by (or from information transmitted by) a person with knowledge of those matters;
    - 2. were kept in the course of regularly conducted business activity;
    - 3. were made by the said business activity as a regular practice; and,
    - 4. if not original records, are duplicates of original records."

  Exhibit R is listed as one of the documents attached to Exhibit U.
- **Exhibit S**: Swiss Franc to U.S. Dollar exchange rates for the years 2006 through 2011
- **Exhibit T**: The account balances in Exhibit R converted to U.S. Dollars using the exchange rates from Exhibit S

In United States v. Williams, the District Court faced a similar situation as here.  Originally, the District Court found that Williams' actions in failing to file an FBAR were not willful, and the Fourth Circuit, finding that Williams did act willfully, reversed and remanded to the District Court for imposition of the penalty.  United States v. Williams, 489 Fed. App'x. 655, 660 (4th Cir. 2012).  On remand, the Court noted that the issue of liability had been resolved and the Court's task was to "review the penalty amount for abuse of discretion under the 'arbitrary and capricious' standard of the Administrative Procedure Act."  United States v. Williams, No. 09-437, 2014 WL 3746497, *1 (E.D. Va. June 26, 2014) (citing 5 U.S.C. § 706).  The Court described this standard as "narrow and deferential" and stated the it "must not substitute [the Court's] judgment for the agency's, and must only review the record to ensure that the agency engaged in reasoned decision-making and that there was a 'rational connection between the facts found and the choice made.'"  Id. (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983)).

After reviewing the parties' submissions, the Court finds that the government has not abused its discretion in the amount of the penalty imposed.  At no point does Bedrosian argue that the stated amount in his account is incorrect, he only argues that the documents presented by the government are not admissible.  Although the government asserts that the doctrine of judicial admission requires this result, the Court relies on the documents identified by the government in reaching its decision.  However, the Court notes that the admissions pointed to by the government at least demonstrate that the penalty amount sought by the government was not a surprise to Bedrosian or his counsel.  Therefore, based on the Exhibits described above the Court finds that the government has not abused its discretion in imposing the maximum penalty against Bedrosian.

**AND NOW**, upon consideration of the parties' statements regarding the penalty amount (ECF 90, 91) and the responses (ECF 92, 93), it is hereby **ORDERED** that judgment is entered in favor of the United States and against Arthur Bedrosian in the amount of $1,371,371.43 as of January 4, 2021, consisting of:

1. The penalty assessed against him under 31 U.S.C. § 5321(a)(5) in the amount of $975,789.17,
2. Bedrosian's payment of $9,757.89 on August 26, 2015, and
3. interest and penalties accruing on the unpaid portion of the original assessment, in accordance with 31 U.S.C. § 3717, at the rates of 1% and 6% per annum, respectively.

Further interest and penalties will accrue as follows:

Interest will continue to accrue under 31 U.S.C § 3717(a)(1) from January 4, 2021 until the date of entry of this judgment.  Interest will then accrue under 28 U.S.C § 1961 from the date of entry of this judgment until the judgment is paid.  Penalties will continue to accrue in accordance with 31 U.S.C § 3717(e)(2) from January 4, 2021 until judgment is paid.

The clerk shall close this case.

**BY THE COURT:**

**s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

**DATED: 1/29/2021**

/Volumes/Judge Baylson/CIVIL 15/15-5853 Bedrosian v United States/15cv5853 Memo and Order Re Penalty.docx